IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| METHODIST HEALTH SYSTEM AND METHODIST CHARLTON MEDICAL CENTER, | JURY TRIAL DEMANDED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Adrianna Cook, who was adversely affected by such practices. Specifically, Defendant discriminated against Ms. Cook by failing to accommodate her disability and discharging her from her employment with Defendant based on her disability. In addition, Defendant maintains a policy of denying reassignment as a reasonable accommodation by requiring qualified individuals with disabilities to compete for open positions for which they are qualified.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Methodist Health System and Methodist Charlton Medical Center ("Defendant"), has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

5.  Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. Section 12111(5), and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. Section 2000e(g) and (h).

6.  At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Adrianna Cook filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant.

8. On August 8, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 10, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. In March 2012, Cook injured her back in the course of performing her duties as a Patient Care Technician. She was diagnosed with a lumbar sprain, annular tear, disc displacement, and underlying disc degeneration.

14. Since the time Cook injured her back in March 2012 to the present, the diagnosed impairments have substantially limited the major life activities of musculoskeletal function, caring for oneself and bending. Cook is disabled as that term is defined under the ADA.

15. Since March 2012, the Defendant has engaged in conduct in violation of Section 102(a) and 102(b) of Title I of the ADA, 42 U.S.C. § 12112(a), 42 U.S.C. Sec. 12112(b)(5)(A), and 42 U.S.C. Sec. 12111(9)(B), by failing to accommodate Cook's disability by reassigning her a vacant job for which she was qualified.

16. Following Cook's March 2012 injury, Defendant denied Cook's requests for reassignment to another job which she could perform within her medical restrictions of minimal lifting, bending, and twisting. Defendant advised Cook that she was responsible for seeking and applying for vacancies for which she was qualified.

17. Starting in March 2012, after Cook's back injury rendered her unable to perform her job of Patient Care Technician, Cook applied for at least eight vacancies that she located on Defendant's website, including vacancies for Patient Sitter and Scheduling Coordinator. Cook was qualified to perform the essential functions of one or more of the vacancies for which she applied.

18. Defendant refused to reassign Cook to Scheduling Coordinator and at least one of two patient sitter vacancies for which she applied because she was not the best qualified candidate.

19. Respondent discharged Ms. Cook on August 21, 2012, when she declined to apply for unpaid personal leave after exhausting leave under the Family Medical Leave Act. Had Respondent reassigned Ms. Cook to a vacant position for which she was qualified, she would not have needed unpaid leave and would not have been discharged.

20. Since at least March 2012, Defendant has maintained an unlawful policy of requiring individuals with disabilities who require reassignment as a reasonable accommodation

to compete for vacant positions for which they are qualified and of selecting the best qualified candidate.

21. The effect of the practices complained of in paragraphs 15 through 20, above, has been to deprive Adrianna Cook of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

22. The unlawful employment practices complained of in paragraphs 15 through 20, above, were intentional.

23. The unlawful employment practices complained of in paragraphs 15 through 20, above, were committed with malice or with reckless indifference to the federally protected rights of Adrianna Cook.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices. In particular, the Commission seeks an injunction enjoining Defendant from requiring individuals with disabilities who require reassignment as a reasonable accommodation to compete for vacant positions for which they are qualified.

C. Order the Defendant to make whole Adrianna Cook, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Adrianna Cook.

D. Order the Defendant to make Adrianna Cook whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 14, above, including but not limited to out of pocket medical expenses and job hunting expenses.

E. Order the Defendant to make Adrianna Cook whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 14, above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order the Defendant to pay Adrianna Cook punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraphs 10 through 14, above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN Y. REAMS
        Associate General Counsel

        /s/ Robert A. Canino
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s/ Toby W. Costas
        TOBY W. COSTAS
        Supervisory Trial Attorney
        Texas State Bar No. 04855720

        /s/Devika Seth
        DEVIKA SETH
        Senior Trial Attorney
        District of Columbia Bar No. 975161

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 South Houston Street, 3rd Floor
        Dallas, Texas 75202
        Tel No. (214) 253-2764
        Fax No. (214) 253-2749