UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:15-CV-3104-G |
| METHODIST HOSPITALS OF DALLAS d/b/a METHODIST HEALTH SYSTEM, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to alter or amend the court's judgment dated November 4, 2016 (docket entry 44). For the reasons stated below, the motion is denied. The court set forth the background of this case in the memorandum opinion and order granting the judgment which is the subject of this motion. *See* Memorandum Opinion and Order of November 4, 2016 ("Order") (docket entry 42).

### I.  ANALYSIS

#### A.  Motion to Alter or Amend

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered

evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and a party cannot attempt to obtain a "second bite at the apple" on issues that were previously addressed by the parties and the court. *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004).

      The EEOC contends that while the court addressed Methodist's reassignment policy as applied to Cook, the court did not address the EEOC's broader pattern or practice claim. Plaintiff's Motion to Alter or Amend Judgment at 2-3 (docket entry 44). Methodist responds that the EEOC did not sufficiently allege a "pattern or practice" claim in its complaint and, therefore, the court did not err in not addressing it. Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment at 3 (docket entry 45). While the EEOC's pattern or practice claim could have been

alleged more clearly, the court agrees with the EEOC that its broader policy claim should be decided.[*]  Accordingly, the EEOC's claim is addressed below.

### B.  EEOC's Pattern or Practice Claim

In the complaint, the EEOC alleges that

> Since at least March 2012, defendant has maintained an unlawful policy of requiring individuals with disabilities who require reassignment as a reasonable accommodation to compete for vacant positions for which they are qualified and of selecting the best qualified candidate.

Complaint ¶ 20.  In its response to Methodist's motion for summary judgment, the EEOC first points out that "[u]nder the ADA, 'reasonable accommodation' includes 'reassignment to a vacant position.'"  Response to Defendant's Motion for Summary Judgment ("EEOC's Summary Judgment Response") at 26 (docket entry 31) (citing 42 U.S.C. § 12111(9)(B)).  The EEOC argues that the plain language and legislative history of the ADA show that "reassignment means appointment, not simply the opportunity to compete with everyone else."  *Id.* at 26.  "Congress chose to treat current employees differently from job applicants," the EEOC avers, and merely providing employees with the "opportunity to compete," is not an accommodation at

---

[*]   Other courts have held that the EEOC did not plead a "pattern or practice" claim without using the phrase "pattern or practice."  See, *e.g.*, *Equal Employment Opportunity Commission v. CRST Van Expedited, Inc.*, 611 F. Supp. 2d 918, 933 (N.D. Iowa 2009) ("The EEOC squarely pled a violation of § 706.  The EEOC did not plead a violation of § 707, and the phrase 'pattern or practice' -- a phrase with which the EEOC is familiar -- appears nowhere in the EEOC's Complaint.").

all. *Id.* at 26-27. The EEOC cites the Supreme Court's decision in *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), for the proposition that "reasonable accommodation incorporates the possibility of granting what can be viewed as a preference in order to maintain the employment of a disabled individual." *Id.* at 28.

Methodist disagrees with the EEOC that it "is required to reassign a disabled employee to a vacant position for which that employee meets the minimum qualifications, regardless of whether that employee is the most qualified applicant." Defendant's Brief in Support of its Motion for Summary Judgment ("Defendant's Summary Judgment Brief") at 19 (docket entry 28). Methodist maintains that this amounts to affirmative action, which is not required by the ADA. *Id.* (citing *Guerra v. United Parcel Service, Inc.*, 250 F.3d 739, 2001 WL 274296, at *3 (5th Cir. 2001)). Methodist further contends that the ADA permits Methodist to require a disabled employee to compete with non-disabled applicants and hire the most qualified candidate for a position. *See* Defendant's Reply to the EEOC's Response to the Motion for Summary Judgment ("Summary Judgment Reply") at 15 (docket entry 33).

Not all of the circuits are in agreement on the issue. The EEOC contends that three circuits have held that requiring a disabled employee to compete for reassignment does not fulfill an employer's duty of reasonable accommodation. EEOC's Summary Judgment Response at 30 ("Three federal circuit courts, sitting *en*

*banc*, hold that the duty to accommodate under the ADA requires reassignment without competition"). The EEOC cites *E.E.O.C. v. United Airlines, Inc.*, 693 F.3d 760 (7th Cir. 2012), *cert. denied*, -- U.S. --, 133 S. Ct. 2734 (2013); *Aka v. Washington Hospital Center*, 156 F.3d 1284 (D.C. Cir. 1998); and *Smith v. Midland Brake, Inc., a Division of Echlin, Inc.*, 180 F.3d 1154 (10th Cir. 1999). *Id.* However, the only case cited by the EEOC that was decided after the Supreme Court's *Barnett* decision, *United Airlines, Inc.*, did not decide this issue. *See* 693 F.3d at 764. Rather, the *United Airlines, Inc.* court remanded the issue to the district court to determine whether "mandatory reassignment is ordinarily, in the run of cases, a reasonable accommodation . . . [and] if there are fact-specific considerations particular to United's employment system that would . . . render mandatory reassignment unreasonable in this case." *Id.* Methodist, on the other hand, cites the Eighth Circuit's post-*Barnett* decision, *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480 (8th Cir.), *cert. granted*, 552 U.S. 1074 (2007), *cert. dismissed*, 502 U.S. 1136 (2008). Summary Judgment Reply at 16. In *Huber*, the Eighth Circuit addressed the issue at hand, stating, "We agree and conclude the ADA is not an affirmative action statute and does not require an employer to reassign a qualified disabled employee to a vacant position when such a reassignment would violate a legitimate nondiscriminatory policy of the employer to hire the most qualified candidate." 486

F.3d at 483 (citing *Turco v. Hoechst Celanese Corporation*, 101 F.3d 1090, 1094 (5th Cir. 1996)).

The Fifth Circuit has not directly addressed the issue of whether the ADA requires an employer to reassign a disabled employee as a reasonable accommodation. Nonetheless, Methodist correctly contends that the weight of Fifth Circuit authority holds that the ADA does not entitle a disabled employee to preferential treatment. *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995) (holding that the ADA does not require affirmative action "in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled"), *cert. denied*, 516 U.S. 1172 (1996), holding modified by *Kapche v. City of San Antonio*, 304 F.3d 493 (5th Cir. 2002); *Foreman v. Babcock & Wilcox Company*, 117 F.3d 800, 810 (5th Cir. 1997) ("Regardless, even if there were no CBA in place, B & W would not be obligated to accommodate Foreman by reassigning him to a new position."), *cert. denied*, 522 U.S. 1115 (1998); *Turco*, 101 F.3d at 1094.

This court believes that the Fifth Circuit's position on the instant issue is aligned with that of the Eleventh Circuit in *United States Equal Employment Opportunity Commission v. St. Joseph's Hospital, Inc.*, 842 F.3d 1333 (11th Cir. 2016) -- which is directly on point. *St. Joseph's* involved a nurse who became injured and unable to perform her job due to back pain. *Id.* at 1338. The nurse sought the accommodation of reassignment. See *id.* at 1338-39. Pursuant to the hospital's policy of hiring the

most qualified applicant, the nurse was required to compete with other non-disabled applicants. See *id.* at 1338. The EEOC brought suit contending "that the [h]ospital violated the ADA by not reassigning [the nurse] to a vacant position without requiring her to compete with other applicants for those jobs." *Id.* at 1340. The Eleventh Circuit held "that the ADA does not require reassignment without competition for, or preferential treatment of, the disabled." *Id.* at 1345. Relying on *Daugherty*, the *St. Joseph's* court agreed with the Fifth Circuit's conclusion that the ADA does not require affirmative action and "only requires an employer allow a disabled person to compete equally with the rest of the world for a vacant position." *Id.* at 1346-47.

The *St. Joseph's* court also specifically addressed the EEOC's contention that *Barnett* requires reassignment. The *St. Joseph's* court first distinguished *Barnett*, noting that, unlike *Barnett*, the case before it did not involve a seniority or a civil service system. *Id.* at 1346. However, it found that the first prong of the *Barnett* framework -- whether the plaintiff's proposed accommodation is reasonable in the run of cases -- was instructive in deciding the case before it. *Id.* The *St. Joseph's* court affirmatively stated that "[r]equiring reassignment in violation of an employer's best-qualified hiring or transfer policy is not reasonable 'in the run of cases'" and held that the ADA does not require mandatory reassignment. *St. Joseph's Hospital, Inc.*, 842 F.3d 1333, 1346. This court agrees with the reasoning of *St. Joseph's*. The EEOC has not

- 7 -

demonstrated that Methodist's policy of requiring disabled employees to compete with non-disabled applicants to hire the best candidate runs afoul of the ADA. Thus, Methodist's motion for summary judgment is granted as to the EEOC's pattern or practice claim.

## II. CONCLUSION

For the reasons stated above, the EEOC's motion to alter or amend the judgment entered November 4, 2016 is **DENIED**. The Memorandum Opinion and Order of November 4, 2016 is supplemented as described above. Methodist's motion for summary judgment on the EEOC's pattern or practice claim is **GRANTED**.

**SO ORDERED**.

March 9, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**